# Exhibit 3

INTERNATIONAL TOBACCO PARTNERS L.L.C
1080 Lousons Road
Union, New Jersey 07083

November 21, 2000

Citland Limited
Park House
15/19 Greenhill Crescent
Watford Herts, WD18PH, England
UNITED KINGDOM

Attention: Derek Banks

Re: Distribution of Boston Cigarettes

Dear Mr. Banks.

This letter sets forth our agreement with respect to the granting by Citland Limited ("Citland") to International Tobacco Partners L.L.C ("Distributor") the exclusive right to the marketing and distribution of all Boston cigarettes manufactured by Citland for distribution in the United States (the "Cigarettes") on the terms and conditions hereinafter set forth.

1 Appointment of Exclusive Distributor. Citland hereby appoints Distributor as its exclusive distributor and marketer of the Cigarettes in the United States. Distributor shall have complete control over the Cigarettes after they are delivered to it and shall have the exclusive right to market and sell the Cigarettes to all classes of trade, including, but not limited to, cigarette wholesalers, retail stores and mass merchandisers. During the term of this Agreement, Citland shall not (i) sell the Cigarettes directly to any customer except as permitted hereunder or (ii) appoint any other distributors and/or marketers of the Cigarettes in the United States, unless otherwise agreed by both parties in writing.

2. Customer Inquiries and Orders: Citland shall (i) promptly forward to Distributor all inquiries concerning the Cigarettes received from customers or potential customers and (ii) inform potential customers from whom Citland receives inquiry concerning the Cigarettes to direct such inquiry to Distributor.

3. Rights to Use and Own Patents and Trademarks. The grant of rights by Citland to Distributor shall include the exclusive license to the Boston brand trademark, copyright and patent set forth on Schedule A, trademark, copyright and patent owned by Citland, currently and subsequent to the date hereof, and any additions, modifications or supplements thereto (the "Intellectual Property") in conjunction with the promotion, sale and distribution of the Cigarettes in the United States. The Intellectual Property constitutes all of the patents, trademarks and copyrights necessary for the proper use of the Cigarettes. The Intellectual Property license and rights granted to Distributor herein are royalty-free and the period of such grant shall be co-terminus with the term of this Agreement.

4. Purchase Price for the Cigarettes. Distributor shall pay Citland directly for the Cigarettes within 30 days from date upon which Distributor receives the Cigarettes. Prices shall be set and payments shall be made in accordance with Schedule B attached hereto. In the event that Citland desires to increase the prices for the Cigarettes, it shall provide to Distributor a notice setting forth the increased prices and containing reasonable documentation evidencing the necessity to increase such prices (a "Price Increase Notice"). Distributor may at its option agree to the Price Increase Notice or terminate this Agreement. In the event that Distributor does not respond to a Price Increase Notice within fifteen (15) days of receipt of such Price Increase Notice, the prices as set forth in such Price Increase Notice shall be deemed to be accepted by Distributor.

5. Purchase Orders. Cigarettes shall be ordered by written purchase order from Distributor to Citland (a "Purchase Order"). Citland shall use its best efforts to supply all Cigarettes ordered by Distributor in a timely fashion.

6. Shipment, Risk of Loss. Unless otherwise agreed by the parties in writing, Citland shall ship CIF Eastern Seaboard USA and Citland is responsible for all risk of loss until the Cigarettes are delivered to the Distributor's bonded warehouse.

7. Warranties of Citland. Citland warrants that (i) Citland is a corporation duly organized, validly existing and in good standing under the laws of the United Kingdom with full corporate power to own, lease and operate its properties and to carry on its business as currently conducted; (ii) the execution and delivery by Citland of this Agreement and all of the agreements to be executed and delivered by it pursuant hereto, the performance by it of its obligations hereunder and thereunder, and the consummation of the transactions contemplated hereby and thereby, have been duly and validly authorized by all necessary corporate action on the part of Citland, and Citland has all necessary power with respect thereto; (iii) neither the execution and delivery by Citland of this Agreement or of any of the transactions contemplated hereby and thereby, nor

the performance by any of them or of any of its obligations hereunder or thereunder, will (a) conflict with or result in a breach of any provision of Citland's charters or by-laws, (b) give rise to a default or any right of termination, cancellation ort acceleration, or otherwise be in conflict with any of Citland's material agreements; (c) violate any order, writ, injunction, decree, law, statue, rule or regulation of any court or governmental or administrative authority which is applicable to Citland or the Cigarettes, and (iv) there are no claims, suits, actions, arbitration, investigations, inquiry or other proceeding before any governmental agency, court or tribunal, domestic or foreign, or before any private arbitration tribunal, pending or threatened, against or relating to Citland or the Cigarettes, and there are no judgments, orders, stipulations, injunctions, decrees or awards in effect which relate to Citland or the Cigarettes.

8. Warranties of the Cigarettes. Citland warrants that (i) the Cigarettes sold to Distributor will conform to all written specifications for such Cigarettes, free from all defects and will comply with all federal, state and local laws of the United States and (ii) it is the exclusive owner of the Intellectual Property and good will associated with the Cigarettes, no proceedings have been instituted, are pending or threatened, which challenge the rights of Citland in respect thereto or the validity thereof and there is no valid basis for any such proceedings, none of the aforesaid violates any laws, statutes, ordinances or regulations. or has at any time infringed upon or violated any rights of others, or is being infringed by others, and none of the aforesaid is subject to any outstanding order, decree, judgment, stipulation or charge

9. Replacement of the Cigarettes. Citland shall replace all Cigarettes sold to Distributor which fail to conform to all written specifications for such Cigarettes or which are defective or damaged, in the reasonable judgment of Distributor, prior to the delivery of such Cigarettes to the shipping agent designated by Distributor. Upon written notice provided by Distributor to Citland, Citland shall have fifteen (15) days to deliver Cigarettes that conform to all written specifications for such Cigarettes. Citland shall pay all shipping costs and shall be responsible for all risk of loss of the replacement Cigarettes until Distributor receives them. If Citland fails to cure within the above fifteen-day period, Distributor shall be entitled to a credit against future Purchase Orders and may, at its option, terminate the Purchase Order under which the non-conforming defective or damaged Cigarettes were ordered.

10. Sales Brochures and Catalogues. Citland shall furnish to Distributor without charge, reasonable supplies of catalogues, advertising and promotional brochures and materials and data relating to the Cigarettes and reasonable supplies of samples of the Cigarettes.

11. Term of Agreement. Subject to the termination provisions contained in Section 11 below, the initial term of this agreement shall be three (3) years, commencing on the date of this Agreement (the "Initial Term"). This Agreement shall automatically renew for consecutive three (3) year terms thereafter, until either party gives the other party sixty (60) days' written notice of termination prior to the expiration of the three-year term.

12. Termination of Agreement. (i) Either party shall have the right to terminate this Agreement upon the occurrence of any of the following events with respect to the other party: dissolution, termination of existence, cessation of its present business, insolvency, appointment of a receiver of any property of substantial value of either party, or the filing of a petition in bankruptcy or the commencement of any proceedings under any bankruptcy laws; or any material breach of any of the terms, conditions, covenants, undertakings or agreements herein, which breach remains uncured for ten (10) days following receipt of notice of such material breach. (ii) In the event that Distributor becomes liable under the Master Settlement Agreement, relating to the sales of tobacco and is required to make payments into state escrow funds, Distributor may, at its sole discretion, elect to dissolve and terminate its existence, and shall have the right to terminate this Agreement.

13. Sale of Rights With Respect to the Cigarettes. Citland may not sell, convey, assign or otherwise convey its right to produce the Cigarettes or the Intellectual Property related thereto for distribution in the United States, unless Distributor consents to such conveyance in writing and this Agreement is expressly assumed by the party to whom such rights shall be transferred, and the quality of the Cigarettes produced by the transferee are of equal or better quality than the Cigarettes produced by Citland, as determined by the reasonable judgment of Distributor. Distributor shall have the right, in its sole discretion to terminate this Agreement within ninety (90) days after Citland conveyed its rights to a third party in compliance with Section 12.

14. Notices. All notices, directions, instructions or other communications to be given hereunder, shall be in writing and shall be sent via messenger, telecopier, overnight mail or nationally recognized courier in the United States. Any such notice shall be deemed given, when actually received. Any communications hereunder shall be addressed as follows:

If to the Distributor to:

International Tobacco Partners L L C.
1080 Lousons Road
Union, New Jersey 07083
Attention: Mr Jeffrey Avo Uvezian

with a copy to:

Blank Rome Tenzer Greenblatt LLP
405 Lexington Avenue
New York, New York 10174
Telecopier No: 212-885-5003
Attention: Stuart D. Kaplan, Esq.

If to Citland:

Citland Limited
Park House
15/19 Greenhill Crescent
Watford Herts WD18PH
England
Attention. Mr. Derek Banks, President

with a copy to.

[ ]

or to such other address as each party may designate by notice in accordance herewith.

15. Confidential Information. The Distributor shall not, during the term of this Agreement and for a period of three (3) years after termination of this Agreement, keep all information with respect to the Cigarettes and distributorship strictly confidential and shall not, directly or indirectly, divulge such information in any manner or capacity whatsoever to any third party, except as may be reasonably necessary in conducting the business of the distributorship.

16. Independent Contractor. The Distributor acknowledges and agrees that the relationship intended by this Agreement is that of independent contractor and not that of employee or agent of Citland

17. Assignment. This Agreement shall be binding upon the parties hereto and their respective successors and legal representatives. Neither party shall assign or transfer its rights or obligations under this Agreement, unless it gives the other party sixty (60) days prior written notice, provided, however, in no event shall either party assign or transfer its rights or obligations under this Agreement without the prior written consent of the other party during the Initial Term.

18. Arbitration. Any dispute, difference or question arising between the parties concerning the construction, meaning or effect of this Agreement or any part thereof shall be settled by a single arbitrator mutually agreed upon, failing agreement, to be appointed by a competent tribunal pursuant to the laws of the State of New Jersey, and the decision of such arbitrator appointed pursuant to the provisions of this Agreement or the laws of the State of New Jersey shall be final and binding upon the parties.

If the foregoing accurately reflects your understanding and agreement, please execute this letter where indicated and return it to the undersigned whereupon it shall become a binding agreement between us.

Very truly yours,

INTERNATIONAL TOBACCO PARTNERS, L.L.C.

By: ______________________
Jeffrey Avo Uvezian
Managing Member

Agreed to and Accepted
on this 27th day of November, 2000

CITLAND LIMITED

By: ______________________
Derek Banks, President

NEWYORK 519215.00012/6079539v2