UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------x
CITLAND LIMITED,

        Plaintiff,

   -against-

INTERNATIONAL TOBACCO
PARTNERS, LTD.,

        Defendant.
---------------------------------------x

Index No. 09-CV-3797 (ADS)(ARL)

DECLARATION OF
MICHAEL W. HOLLAND

MICHAEL W. HOLLAND, an attorney duly admitted to practice law in the Courts of the State of New York and in the United States District Court for the Eastern District of New York, pursuant to the laws governing perjury, affirms as follows:

1. Affirmant is the attorney for the Defendant in this lawsuit and as such I am fully familiar with the pleadings and the proceedings had herein.

2. I submit this declaration in support of the Defendant's motion which seeks an order of this Court vacating and setting aside the Entry of Default filed by the Clerk of this Court on the 6th day of January, 2010 in this action; and, which motion seeks a further order of this Court permitting the Defendant to serve and file its proposed Answer to the Plaintiff's Complaint; and, which seeks the issuance of a temporary restraining order staying the enforcement of the Entry of Default pending the hearing and determination of this motion. A copy of the Defendant's proposed Answer is annexed hereto as Exhibit "1". A copy of the Plaintiff's Complaint is annexed hereto as Exhibit "7". A copy of the Entry of Default is annexed hereto as Exhibit "8".

3. According to the Declaration of DONALD R. DUNN, JR., ESQ., dated December 23, 2009, which was filed in support of the Plaintiff's Request to Enter Default against the Defendant, this lawsuit was commenced by the service of the Plaintiff's Summons and Complaint upon the Defendant by service of the Summons and the Complaint upon the office of the Secretary of State of the State of New York in Albany, New York on or about the 11th day of September, 2009 (the "Secretary of State").

4. Affirmant was the attorney who prepared and filed the Certificate of Incorporation of the Defendant with the Secretary of State of the State of New York. At the time that affirmant filed this document with the Secretary of State, affirmant maintained a law office at 133 Hillside Avenue, Williston Park, New York (the "former address"). On or about the 7th day of July, 2001, affirmant relocated this law office to 421 Willis Avenue, Williston Park, New York (the "present address").

5. Affirmant was designated in the Defendant's Certificate of Incorporation as the individual to whom the Secretary of State would forward any process which was served upon the Defendant, by service upon the Secretary of State. The address designated in the Defendant's Certificate of Incorporation to which process was to be forwarded to affirmant was my former address.

6. Affirmant has never received a copy of the Summons and Complaint in this action from the Secretary of State by personal service, by mail or otherwise at any time to date.

7. Affirmant has maintained a law office in the Village of Williston Park for over thirty (30) years. In September, 2009, the same letter carrier from the Williston Park post office delivered the daily mail to both my present address and to the business located at my

2

former address. This mail carrier is a client of my office and was so prior to September 11, 2009.

8. The present tenant of the building located at 133 Hillside Avenue, Williston Park, New York, is the Romper Room Nursery School, which is operated by Jean Holland (no relation). During the period of time from 2001 to date, Ms. Holland has, on several occasions, received mail at her school which was addressed to affiant and delivered to her business address (my former address). Ms. Holland has accepted this mail, on my behalf, and she has telephoned my office on such occasions, after which we would retrieve this mail from her school (our offices are approximately four hundred (400') feet from each other).

At no time during the period of time from September 11, 2009 to date has Ms. HOLLAND telephoned my office and advised me that she received any mail for affiant addressed from the Secretary of State.

9. On December 31, 2009, affiant received the Plaintiff's Request to Enter Default against the Defendant, by mail, at my present office from the Secretary of State. Upon information and belief, the attorneys for the Plaintiff delivered the Request to Enter Default and the accompanying papers to the Secretary of State in Albany, New York on or about the 23rd day of December, 2009.

10. On December 31, 2009, affiant telephoned JEFFREY AVO UVEZIAN, who is an officer and director of the Defendant corporation, in order to inquire of him as to whether he or any other officer or director of the Defendant had been served with the Plaintiff's Summons and Complaint. Mr. UVEZIAN advised me that the Defendant had not been personally served with the Summons and Complaint to his knowledge, and he agreed to telephone me on Monday morning (1/4/10) as he was out of town on business.

3

On December 31, 2009, affirmant also telephoned the attorneys for the Plaintiff (MARK GINSBURG, ESQ.) and I left a message requesting that he either fax or e-mail a copy of the Plaintiff's Summons and Complaint to me as soon as possible, and that he telephone me on Monday (1/4/10).

11. On Monday morning (1/4/10), affirmant spoke with JEFFREY AVO UVEZIAN in order to confirm that no one associated with the Defendant had been served with the Plaintiff's Summons and Complaint in any manner as is set forth in Rule 311 CPLR. In addition, I spoke with the Plaintiff's attorneys (DONALD R. DUNN, JR., ESQ. and MARK GINSBURG, ESQ.).

The attorneys for the Plaintiff advised affirmant that the Plaintiff would not consent to vacate the Request to Enter Default against the Defendant.

12. Affirmant never received a copy of the Plaintiff's Summons and Complaint from the Secretary of State at my former address nor has affirmant ever received a copy thereof at my present address at any time on or after September 11, 2009.

13. The Defendant's failure to timely file and to timely serve its Answer to the Plaintiff's Complaint was solely a result of the fact that neither the Defendant nor affirmant ever actually received a copy of the Plaintiff's Summons and Complaint from the Secretary of State at any time after September 11, 2009.

Dated: Williston Park, New York
January 22, 2010

/s/ Michael W. Holland
MICHAEL W. HOLLAND

4