UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CITLAND LIMITED,

Plaintiff,

-against-

INTERNATIONAL TOBACCO PARTNERS, LTD,

Defendant.

Civil Action No.: 09-CV-3797 (ADS)(ARL)

**DECLARATION IN SUPPORT OF MOTION FOR ATTORNEYS' FEES**

DONALD R. DUNN, JR., hereby declares under penalty of perjury as follows:

1. I am an associate attorney of Seyfarth Shaw LLP, counsel to plaintiff Citland Limited ("Citland"). I submit this Declaration in support of Citland's motion for an order and judgment awarding Citland its attorneys' fees and disbursements incurred in connection with (i) entering a default against defendant International Tobacco Partners, Ltd. ("ITP") and (ii) opposing ITP's motion to vacate that default. I have personal knowledge of the facts set forth herein unless otherwise specified.

**A. Citland Commences the Action at Bar and Serves ITP with the Complaint**

2. As set forth in the complaint in this Action, dated September 1, 2010 (the "Complaint"), Citland commenced the instant action to recover $524,028.55 -- exclusive of interest, costs and attorneys' fees -- due and owing to Citland from ITP, as reflected on a series of unpaid invoices (the "Unpaid Invoices") for shipments of various tobacco products. A copy

of the Complaint, together with the Unpaid Invoices annexed as an exhibit thereo, are annexed hereto as Exhibit A.

3. Following several attempt to serve ITP at is place of business, the Complaint was served upon ITP on September 11, 2009, through the office of the Secretary of State of the State of New York. A copy of the Affidavit of Service of the Complaint, sworn to on September 11, 2009, is annexed hereto as Exhibit B.

**B. <u>ITP Defaults, then Moves to Vacate Its Default</u>**

4. Three months later, ITP having failed to answer the Complaint or otherwise to appear, Citland moved the Court for entry of a default against ITP. Citland's Motion for Entry of a Default was served upon ITP in the same manner as the Complaint, i.e., through the office of the Secretary of State of the State of New York. A copy of the Affidavit of Service of Citland's Motion for Entry of a Default, sworn to on December 28, 2009, is annexed hereto as Exhibit C.

5. The Clerk of the Court entered a notation of default against ITP on January 6, 2010. A copy of this Notation of Default is annexed hereto as Exhibit D.

6. In response to Citland's Motion for Entry of a Default, ITP appeared in this action and moved by Order to Show Cause to Vacate the Default. In support of that motion, ITP proffered, *inter alia*, the Affidavit of ITP's principal, Jeffrey Avo Uvezian, sworn to on January 25, 2010 (the "Uvezian Affidavit"). A copy of the Uvezian Affidavit, without exhibits, is annexed hereto as Exhibit E.

**C. Although ITP Denies that it was "Served" with the Complaint, ITP Admits Actual Receipt of the Complaint and Admits Directing Its Counsel in an Unrelated Action To Secure a Waiver from Citland**

7. In the Uvezian Affidavit, Mr. Uvezian denies that ITP received a copy of the Complaint from the Secretary of State of the State of New York. See Uvezian Affidavit, ¶ 18.

8. Mr. Uvezian claims that ITP did not receive service of the Complaint from the Secretary of State because "ITP inadvertently failed to Notify the Secretary of State that the address of the agent designated to receive service of process on behalf of ITP had changed." Uvezian Affidavit ¶ 21. Mr. Uvezian does not, however, explain how ITP received service of Citland's Motion for Entry of a Default, which was also served through the Secretary of State.

9. In any event, Mr. Uvezian admits that ITP received a copy of the Complaint from a third party on or about September 16, 2009, within one week of Citland's service of the Complaint. See Uvezian Affidavit ¶ 19.

10. Mr. Uvezian also admits that, upon receipt of the Complaint, he contacted Mr. Walter Luers, Esq., an attorney representing both Citland and ITP in an unrelated action pending in the state of Virginia (the "Virginia Action"). See Uvezian Affidavit ¶ 19. Mr. Uvezian further admits that he "furnished [Mr. Leurs] a copy of the Summons and Complaint". Id.

11. Thereafter, by letter dated October 5, 2009, Mr. Leurs wrote to Citland regarding the conflict created by the fact that "Citland Limited recently filed an action in the United States District Court for Eastern [sic] District of New York against ITP ('New York Action')". A copy of Mr. Leurs's October 5, 2010 Letter to Citland is annexed hereto as Exhibit F.

12. Apparently in response to ITP's instructions, Mr. Leurs informed Citland that

> **ITP has requested** that (1) we represent it in the Virginia; . . . and (3) that we represent Citland Limited in the Virginia Action. . . Therefore, **ITP has requested** that Citland Limited waive the conflict of interest . . .

October 5, 2009 letter from Walter Leurs, annexed hereto as Exhibit F, at 2 (emphasis added).

**D. Under the Circumstances, ITP Should Bear Citland's Costs, Including Attorneys' Fees, Incurred in Connection with the Default**

13. In sum, ITP admits timely receiving a copy of the Complaint. See Uvezian Affidavit ¶ 19.

14. The Complaint prominently contains the name, telephone number and email address of two of Citland's attorneys. See Complaint, Exhibit A hereto, at 7.

15. ITP also admits contacting the parties' joint counsel in the Virginia Action in response to receipt of the Complaint. See Uvezian Affidavit ¶ 19.

16. It appears that, because it was in its interest to do so, ITP also directed the parties' joint counsel in the Virginia Action to secure from Citland a waiver of the conflict created by the filing of the instant action. See Uvezian Affidavit ¶ 19; see also Exhibit F hereto at 2.

17. Despite the foregoing, ITP failed to contact Citland or its attorneys concerning the Complaint and failed to instruct its counsel to contact Citland or its counsel concerning the Complaint.

18. Had ITP made or caused to be made so much as a telephone call to Citland or its counsel concerning the Complaint, I would have informed ITP or its counsel that service had been effected, would have granted any reasonable request for additional time to answer or

otherwise respond to the Complaint, and the instant action would have proceeded. Had ITP made or caused to made this simple phone call, Citland could have avoided the attorneys' fees and disbursements it incurred in connection with Citland's Motion for a Default and in opposing ITP's Motion to Vacate the Default.

19. Accordingly, and for the reasons set forth in the accompanying Memorandum of Law, the instant motion should be granted in all respects and the Court should award Citland its attorneys' fees and disbursements incurred in connection with (i) entering a default against defendant International Tobacco Partners, Ltd. ("ITP") and (ii) opposing ITP's motion to vacate that default.

Dated: New York, New York
February 17, 2010

Donald R. Dunn, Jr.